Andy C. Warshaw SBN 263880
Richard Sturdevant SBN 269088
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St. Ste G
Irvine, CA 92614
Office Phone: (714) 442-3319
Facsimile: (714) 361-5380
rich@lawcenter.com

[Proposed] Attorney for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>DFH NETWORK, INC.,<br><br>          Debtor in Possession. | Case No. 8:18-bk-13119-ES<br><br>Chapter 11<br><br>**MOTION FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO PAY PREPETITION PAYROLL AND INDEPENDENT CONTRACTOR COMPENSATION, EMPLOYEE BENEFITS AND RELATED PAYROLL TAXES AND HONOR PREPETITION EMPLOYMENT PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION AND EXHIBITS**<br><br>**Hearing:**<br>No hearing Requested |

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Debtor in Possession, DFH Network INC. ("DFH" or "Debtor:"), by and through its proposed attorney, Financial Relief Law Center, APC, hereby makes this Motion Authorizing Debtor to 1) Pay and Honor Prepetition Payroll for Employees and Compensation for Independent Contractors, 2) Make all Payments for which Prepetition

Payroll Deductions or Withholdings were made; and 3) Honor Prepetition Employment and Independent Contractor Procedures.

On August 23, 2018, (the "Petition Date") DFH. filed a voluntary petition Pursuant to 11 U.S.C. §§ 1107 and 1108. DFH as Debtor-in-Possession retained possession of its assets and is authorized to continue the operation and management of its business.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). Venue of Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(a), 363(b) and (c), 507(a)(4), (5) and (8), 541 (b)(7), 1129(a)(9). Debtor seeks authorization from the Court to pay and honor its prepetition payroll, payroll taxes and compensation for the period between August 20, 2018 through August 23, 2018. DFH is a California Corporation in existence since 1998 and is a pay platform that broadcasts Turkish television channels in North America. DFH Network Inc.'s principal place of business is 212 Technology Dr., Suite Q, Irvine, CA 92618.

DFH has eight (8) regular employees. Debtor pays employees every two weeks. The employees are paid the week following the last day of the pay period. Debtor also has three (3) independent contractors. One independent contractor is paid once per month, and two and are generally paid on the 1st and 15th of each month. The payments on the 1st covers independent contract workers compensation between the period of the 16th through the end of the prior month and the payment on the 15th covers the period between the 1st and 15th of the month.

Debtor cannot operate the business without its employees and the work of independent contractors. In order to prepare properly for a plan of reorganization the Debtor must be able to retain and pay its employees and practitioners as they may be unwilling to continue to perform

work and/or their regular employment unless the amounts already owed to them arising prior to the Petition Date are paid. The payment of these prepetition wages are necessary to the operation of Debtor's business and ultimate reorganization as employees are the most critical part of Debtor's business. Debtor requests that this Court authorize Debtor to pay outstanding balances of prepetition payroll and its deductions and withholdings for all essential taxes, social security, Medicare, disability, etc. and to permit Debtor to continue its employment and compensation procedures.

The list of employees set forth in Exhibit 1 are all still employed by Debtor. The list provides the gross and net amounts owed to each employee for pre-petition payroll for the period between August 20th and 23rd. The payment of the balances owed on prepetition payroll is necessary to fairly compensate the employees for the reasonable value of services performed in the ordinary course of employment consistent with historical payment terms. The list of professionals who work for Debtor on an independent contract basis is set forth in Exhibit 2 which includes the amount due for the prepetition compensation period between August 1, 2018 and August 23. All of the wages, compensation or payments for employees and independent contractors for which Debtor seeks approval are for noninsiders and have arisen within 180 days prior to the commencement of this case. As seen in Exhibits 1 and 2, there are 4 total claims, and one of those claims exceeds $12,850.00.  As such, these claims enjoy priority in right of payment to other unsecured creditors pursuant to 11 U.S.C. §507(a)(4) up to the amount of $12,850.00 and are necessary to fairly compensate the employees and contractors for the reasonable value of services performed in the ordinary course of their employment or contractual relationship and consistent with historical payment terms.

Post petition earnings will exceed the amount of prepetition wages, such that   Debtor

will have sufficient funds to pay these claims and will render the estate administratively insolvent.

Debtor requests this Court authorize Debtor to pay outstanding balances of the pre-petition payroll as set forth in the schedules of the payroll due, including payments for payroll withholdings or deductions for related taxes as deducted or withheld based on designations by the employees. Debtor also requests that the Court further authorize payment of the compensation requested in Exhibit 2 for independent contractors for work completed in the listed prepetition period.

Debtor requests that the relief sought herein be granted on an emergency basis because Debtor believes that it is likely employees may quit if they are not paid as their jobs are in most cases the employee's only source of income. The same is true for the professionals and practitioners who work on an independent contractor basis. All employees are paid over the mandatory minimum hourly rate in California of $11.00/hr. with rates varying based on qualifications, job descriptions and length of employment. Without these employees and practitioners Debtor cannot conduct its business, therefore Debtor requests that the Court authorize payment of the prepetition payroll as set forth herein and authorize Debtor to honor payroll and compensation procedures which are beneficial to the chapter 11 estate.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the Declaration of Hope Hamilton, the petition and files in Debtor's bankruptcy case, and upon such oral and documentary evidence as may be presented to the Court in support of the Motion.

///

///

Dated: August 28, 2018                    Respectfully Submitted,

FINANCIAL RELIEF LAW CENTER

/s/ Richard Sturdevant
Richard Sturdevant
[Proposed] Attorney for Debtor-in-Possession

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **ARGUMENT**

### I. THE COURT HAS AUTHORITY PURSUANT TO SECTIONS 105(A), 363(b), 507(a)(4) AND 507(a)(5) TO GRANT THE REQUESTED RELIEF.

As a result of the commencement of this case, and in the absence of a court order providing otherwise, Debtor will be prohibited from paying or otherwise satisfying all pre-petition wages including, vacation and sick leave pay, benefits and payroll taxes based on such payroll as well as and compensation to independent contractors for prepetition work performed.

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This section is generally used in conjunction with other provisions of the Code. In this case Section 507(a)(4) and (5) grant unsecured priority status to employee claims for wages, salaries, or commissions, including vacation, severance, sick leave etc. earned within 180 days before the Petition Date up to the amount of $12,850.00 per employee.

Where business exigencies require, courts have exercised their equitable powers under Section 105(a) to authorize debtors to pay prepetition employee wages and benefit claims that would be entitled to priority pursuant to Bankruptcy Code sections 507(a)(4) and (5). See e.g. *In re CEI Roofing, Inc.*, 315 B.R. 50, 60 (Bankr. N.D. Tex. 2004). The rule for payment of prepetition wages and benefits is based on common sense and the Bankruptcy Code. "If employees are not paid, they will leave. If they leave Debtor's business, the bankruptcy case fails shortly after the filing. No one will benefit from the process." *Ibid*.

Because Section 507(a) grants unsecured priority payment to certain wage and benefit claims, the payment of those claims prior to confirmation of a plan of reorganization merely represents an acceleration of the payment of those claims which does not offend the distribution

scheme of the Bankruptcy Code. As priority claims these claims must be paid in full before any general unsecured obligations of the Debtor may be satisfied. Therefore, the relief requested will only affect the timing of the payment of these priority obligations and will not prejudice the rights of the general unsecured creditors or other parties in interest.

In addition, in this case payment of the wages is critical. Employees and contractors are owed wages and compensation for August 20-23 since the Petition was filed on August 23, 2018. The failure to pay these wages in the ordinary course of its business would result in a decrease in employee morale as well as concern over jobs and would likely lead to turnover and other serious and irreparable disruptions to Debtor's operations which is entirely a service business whose ability to reorganize is dependent on its employees and workers. In this somewhat tenuous time for Debtor it is critical to keep up the morale of employees and contractors who depend on the stability of their income to maintain their personal financial matters.

Debtor submits that all payroll tax obligations constitute "trust fund" taxes, the payment of such taxes will not prejudice other creditors of Debtor's estate, given that the relevant taxing authorities would hold priority claims under Bankruptcy Code § 507(a)(8) in respect to such obligations. Moreover, monies payable for trust fund taxes are generally not property of a Debtor's estate. See *Begier v. Internal Revenue Service*, 496 U.S. 53, 62 (1990).

All employee-requested payroll deductions are made from amounts earned by and otherwise payable to Debtor's employees, as such continuation of such deductions will not diminish Debtor's estate or otherwise prejudice any creditors and should be approved by this Court. As set forth in the attached declaration of Hope Hamilton, the accountant for Debtor. Debtor has ongoing business revenue and projected budgets for August 2018 through December 2018 show there should be sufficient funds to pay the prepetition obligations, so as not to

interrupt or harm the business.

## CONCLUSION

Debtor respectfully requests the Court issue an emergency order authorizing payment of the Pre-Petition Payroll and Compensation as requested herein and specifically payment of the employees and payroll amounts set forth in Exhibit 1, and the compensation to independent contractors set forth in Exhibit 2 including the employee deductions and withholdings for payroll related taxes and deductions. Debtor also requests that the Court also authorize Debtor to honor prepetition payroll and compensation procedures.

Dated: August 28, 2018    Respectfully Submitted,

FINANCIAL RELIEF LAW CENTER

/s/ Richard Sturdevant
Richard Sturdevant
[Proposed] Attorney for Debtor-in-Possession

## DECLARATION OF HOPE HAMILTON

I, Hope Hamilton, declare:

1. I am over the age of 18 and am aware that DFH Network, Inc. ("DFH Network" or "Debtor") filed a chapter 11 bankruptcy on August 23, 2018. I have personal knowledge of the following facts and if called as a witness, I could and would testify competently thereto.

2. DFH Network is a California Corporation. Since January 2014 I have been employed by Debtor as an accountant and have no interest in DFH Network.

3. As an accountant I take care of processing payroll. DFH uses a third-party contractor, ADP, to process checks and to file and pay payroll taxes.

4. Debtor currently has eight regular employees. Most of the employees are paid on an hourly basis at varying rates of pay, all of which are over the minimum wage in California. Two employees are paid on salary and six employees are paid hourly.

5. Employees are paid every two weeks. In the month of September, the employees are scheduled to be paid on September 6th and July 20th. The September 6th date will cover the period from August 20th through September 2nd, which includes the prepetition period of August 20-23.

6. Debtor withholds necessary taxes, social security, Medicare and disability based on the individual employees designated deductions.

7. Debtor also utilizes the services of three (3) practitioners and professionals as independent contractors. The independent contracts provide technical support primarily for the broadcasting department. They are paid on a flat fee for services performed. Independent contractors are paid twice a month, on the 1st and 15th of the month. For the period from the first of the month through the 15th of the month contractors are regularly paid on the 15th of the

month. For the period from the 16th through the end of the month contractors are regularly paid on the 1st of the following month.

8. Employees and independent contractors who worked between August 20, 2018 and August 23, 2018 are entitled to wages, payroll and compensation for that prepetition period, which under normal business procedures would be paid on September 6th for employees and on September 1st for independent contractors.

9. I have been advised that in order to pay any pre-petition obligations including the Pre-petition payroll for this period Debtor must obtain approval from the Court.

10. Attached hereto as Exhibit 1 and incorporated herein by reference is a list of Debtor's employees with the gross amount of payroll each employee has earned during the pre-petition period listed herein. This list also provides the amount of each employee's net payroll and the total amount which has been withheld or deducted for related payroll taxes, social security, Medicare and disability based on a total amount for such withholdings.

11. Attached hereto as Exhibit 2 and incorporated herein by reference is a list of Debtor's practitioners and professionals who provide services to Debtor as independent contractors and a list of the compensation each contractor earned during the prepetition period listed herein.

12. It is my understanding that the Motion seeks approval of disbursement of the gross wages with the net amount paid to the individual employee and the remaining taxes, deductions or withholding disbursed where appropriate. Exhibit 1 shows the gross and net amounts paid to the employee.

13. The total gross amount of payroll for this pre-petition period is $26,837.71, which includes the amounts that are withheld for deductions and pair for taxes, benefits etc totaling

$4,341.27. The total of the net payroll actually to be paid to employees is $22,496.44.

14. The total amount of compensation to be paid to the independent contractors for this prepetition period is $3,250.00.

15. As bookkeeper, I am familiar with Debtor's income and expenses and believe Debtor will have sufficient funds to operate the business and pay the prepetition payroll and compensation for contractors referenced herein. I do note that payroll and practitioners' pay is always estimated as it fluctuates between pay periods, as well as it does monthly. This does not apply to the figures in Exhibits 1 and 2 which are the actual amounts owed pre-petition.

16. On a monthly basis there are funds to operate the business and pay the employees and contractors. In order to assist Debtor, I prepared projected income and expenses for the business for the months of August 2018 through November 2018. The projections are based on my review of business records and the rough monthly averages based on the past months/years. True and correct copies of the three budgets are attached hereto collectively as Exhibit 3 and incorporated herein by reference. The budget for September assumes payment of the prepetition payroll and compensation listed in Exhibits 1 and 2.

17. By the time the payroll is to be paid on September 6, 2018 and the contractors are to be paid on September 6, 2018 I believe there will be sufficient funds to pay these prepetition amounts which are listed in the budget. The employees and independent contractors are vital to the business.

I declare under penalty of perjury under the laws of the United States of America that I have read the foregoing statement and it is true and correct to the best of my personal knowledge and belief.

Executed this __24th__ day of August 2018 at Lebanon, Virginia.

*Hope Hamilton* (signature)
Hope Hamilton

# EXHIBIT 1

## EXHIBIT 1 – EMPLOYEE LIST PREPETITION WAGES AND INSIDER DESIGNATION

| **Employee Name** | **Insider Y/N** | **Gross Amount of Prepetition Wages (in dollars)** | **Net Amount of Prepetition Wages (in dollars)** | **Deductions Withholdings (in dollars)** |
|---|---|---|---|---|
| Suleyman Ozrifaioglu | N | 15,488.62 | 12,915.99 | 2,572.63 |
| Talin Kurucay | N | 1,168.50 | 961.62 | 206.88 |
| Past Payroll Totals (checks not cashed) | | 16,657.12 | 13,877.61 | 2,779.51 |
| Payroll 8/20/18 - 8/23/18 | | | | |
| Suleyman Ozrifaioglu | N | 779.97 | 712.51 | 67.46 |
| Sibel Ince | N | 618.39 | 545.46 | 72.93 |
| Ara Kanca | N | 412.59 | 376.90 | 35.69 |
| Talin Kurucay | N | 362.55 | 310.20 | 52.35 |
| Riza Sahin | N | 893.00 | 761.77 | 131.23 |
| Hope Hamilton | N | 692.31 | 592.91 | 99.40 |
| Serpil Koc | N | 416.16 | 366.28 | 49.88 |
| Ufuk Aytacoglu | N | 386.48 | 355.15 | 31.33 |
| | | | | |
| 8/20/18 - 8/23/18 Totals | | 4,561.45 | 4,021.18 | 540.27 |

# EXHIBIT 2

**EXHIBIT 2 – INDEPENDENT CONTRACTOR LIST**

**PREPETITION COMPENSATION OWED**

| INDEPENDENT CONTRACTOR NAME | PREPETITION COMPENSATION | INSIDER Y/N |
|---|---|---|
| KNY Consulting | 250.00 | N |
| Irfan Bora Celik | 3,000.00 | N |
|  |  |  |
| Total | 3,250.00 |  |

# EXHIBIT 3

2:47 PM
06/22/18
Accrual Basis

# DFH Network, Inc
## Profit & Loss
**January 1 through June 22, 2018**

|  | AUG | SEPT | OCT | NOV |
|---|---:|---:|---:|---:|
| **Ordinary Income/Expense** | | | | |
| **Income** | | | | |
| 4000 · Subscription & System Sales | 67,000.00 | 65,000.00 | 65,000.00 | 65,000.00 |
| 4200 · Management Fees | 15,500.00 | 15,200.00 | 15,200.00 | 15,200.00 |
| **Total Income** | 82,500.00 | 80,200.00 | 80,200.00 | 80,200.00 |
| **Cost of Goods Sold** | | | | |
| 5005 · Miscellaneous Costs | 205.00 | 205.00 | 205.00 | 205.00 |
| 5025 · Broadcasting | 31,042.00 | 31,042.00 | 31,042.00 | 31,042.00 |
| 5035 · Broadcasting Expenses | 131.88 | 0.00 | 0.00 | 0.00 |
| 5050 · Freight Expense | 391.38 | 400.00 | 400.00 | 400.00 |
| 5150 · Credit Card Fees | 893.68 | 900.00 | 900.00 | 900.00 |
| 5185 · Local Fiber | 5,644.25 | 5,644.25 | 5,644.25 | 5,644.25 |
| 5250 · Technical Support | 3,050.00 | 3,050.00 | 3,050.00 | 3,050.00 |
| **Total COGS** | 41,358.19 | 41,241.25 | 41,241.25 | 41,241.25 |
| **Gross Profit** | 41,141.81 | 38,958.75 | 38,958.75 | 38,958.75 |
| **Expense** | | | | |
| 6021 · Administration Fees | 85.73 | 87.00 | 87.00 | 87.00 |
| 6050 · Auto Expense | 39.43 | 30.00 | 30.00 | 30.00 |
| 6065 · Bank Charges | 1,011.55 | 930.00 | 930.00 | 930.00 |
| 6150 · Consulting Fees | 500.00 | 500.00 | 500.00 | 500.00 |
| 6220 · Dues & Subscriptions | 0.00 | 0.00 | 0.00 | 0.00 |
| 6230 · Meals & Entertainment | 16.65 | 75.00 | 75.00 | 75.00 |
| 6240 · Equipment - Leased | 0.00 | 0.00 | 613.20 | 0.00 |
| 6420 · Workers Comp Insurance | 264.60 | 235.00 | 235.00 | 352.50 |
| 6500 · Professional Fees | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 |
| 6501 · Legal Fees | 6,752.00 | 0.00 | 0.00 | 0.00 |
| 6550 · Office Supplies & Expense | 88.42 | 177.00 | 0.00 | 0.00 |
| 6580 · Payroll Expense | 242.91 | 242.91 | 242.91 | 343.38 |
| 6600 · Payroll Taxes | 1,889.81 | 1,850.00 | 1,850.00 | 2,775.00 |
| 6610 · Postage & Delivery | 34.95 | 600.00 | 0.00 | 0.00 |
| 6620 · Printing & Reproduction | 100.00 | 0.00 | 0.00 | 0.00 |
| 6670 · Property Tax | 0.00 | 1,675.75 | 0.00 | 0.00 |
| 6690 · Rent | 2,133.03 | 2,133.03 | 2,133.03 | 2,133.03 |
| 6710 · Repairs & Maintenance | 0.00 | 0.00 | 0.00 | 0.00 |
| 6800 · Salaries & Wages | 24,468.38 | 24,500.00 | 24,500.00 | 36,750.00 |
| 6870 · Sales Tax | 0.00 | 0.00 | 10.00 | 0.00 |
| 6880 · Telephone | 483.07 | 550.00 | 550.00 | 500.00 |
| 6895 · Taxes - State | 0.00 | 0.00 | 0.00 | 0.00 |
| 6900 · Travel Expense | 183.39 | 0.00 | 0.00 | 0.00 |
| 6940 · Utilities | 357.05 | 360.00 | 350.00 | 350.00 |
| **Total Expense** | 40,750.97 | 36,045.69 | 34,206.14 | 46,925.91 |
| **Net Ordinary Income** | 390.84 | 2,913.06 | 4,752.61 | -7,967.16 |
| **Net Income** | 390.84 | 2,913.06 | 4,752.61 | -7,967.16 |